IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JUAN CARLOS ZULUAGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-128-RWS-JBB |
| | § | |
| WARDEN, FCI-TEXARKANA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the Court is Petitioner Juan Carlos Zuluaga's petition for writ of habeas corpus under 28 U.S.C. § 2241 complaining of the computation of his sentence. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Petitioner argues that he qualifies for time credits under the First Step Act because he does not have a final order of deportation. *Id.* at 1. He says that he is seeking "statutory interpretation" of the question whether time accrued under the First Step Act prior to a final order of deportation is applied to the sentence or whether it becomes a nullity. *Id.* Petitioner further asks whether the Bureau of Prisons has violated the law by changing the mandatory language of the First Step Act into discretionary language through Program Statement 5410.01, and whether eligible prisoners who participate in the First Step Act are disallowed from placement in a residential reentry center due to a detainer, pending charges, or warrants. *Id.* at 2–3. He asserted that the denial of First Step Act time credits violated due process and equal protection and amounted to the infliction of cruel and unusual punishment. *Id.* at 4.

Respondent answered the petition by stating that Petitioner had not exhausted his available administrative remedies and that even had Petitioner done so, he has a final order of deportation and thus cannot apply time credits under the First Step Act. Docket No. 5 at 2–5.

Petitioner filed a reply arguing that exhaustion of administrative remedies is futile because three other inmates, all of whom have sought habeas corpus relief in this Court, sought administrative remedies on the same claim but were denied, making it certain that any request from him would be denied as well. Docket No. 6 at 1. He also maintained that the documents furnished by Respondent were not proof of a final order of deportation and complained that the Respondent did not address whether time credits earned prior to a final order of deportation should still be applied to the sentence. *Id.* at 2–3.

Respondent filed a sur-reply contending that Petitioner did not raise a valid claim of futility of exhaustion and the documents presented demonstrate that Petitioner has a final order of deportation. Docket No. 7. Petitioner argues that the exhaustion requirement of the Prison Litigation Reform Act is inapplicable to habeas proceedings, the other inmates he named should be joined as parties to the case, that he did not receive a copy of the alleged final order of deportation until May of 2024, and the notice says it was made pursuant to Section 235(b)(1) and thus cannot serve as a final order of deportation in accordance with the First Step Act. Docket No. 8.

On July 11, 2025, the Magistrate Judge issued a Report recommending the above-styled petition for the writ of habeas corpus be dismissed with prejudice. Docket No. 10. The Magistrate Judge determined that Petitioner had not exhausted his administrative remedies as required and that the documents furnished by Respondent show that Petitioner has a final order of deportation. Id. at 5. The Magistrate Judge agreed with the District of Minnesota's decision in *Chocon-Gomez v. King*, No. 24-cv-2737, 2024 WL 5381457 (D. Minn., September 26, 2024), wherein that court held that

prisoners with final orders of deportation cannot apply First Step Act credits, and the statute does not differentiate eligibility depending on when the credits were earned; thus, a final order of deportation precludes a prisoner from applying any First Step Act credits to his sentence regardless of whether these credits were obtained before after entry of the order. *Id.* at 6. The Magistrate Judge also determined that Petitioner's claims of denial of due process and equal protection, and the infliction of cruel and unusual punishment, lacked merit, and recommended that the petition for habeas corpus relief be dismissed. *Id.* at 6–7.

Petitioner acknowledged receipt of the Report on July 16, 2025. Docket No. 11. To date, no objections have been filed. Because no objections have been filed, Plaintiff is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions, and recommendations. Moreover, except upon grounds of plain error, an aggrieved party is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 20th day of August, 2025.**

                                                                    ROBERT W. SCHROEDER III
                                                                    UNITED STATES DISTRICT JUDGE